IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONNELL LEON DEWESE,

    Petitioner,

v.       CASE NO. 1:11-cv-137-SPM-GRJ

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The Petition stems from Petitioner's 1993 convictions in the Northern District of Florida for conspiracy to commit carjacking (Count One), carjacking (Count Two), using or carrying a firearm in relation to a crime of violence (Count Three), and possession of a firearm by a convicted felon (Count Four). *See United States v. Dewese*, Case No. 93-1004-GCR (N.D. Fla. 5/28/93) (Amended Judgment).

Using the 1992 edition of the United States Sentencing Guidelines, Petitioner's presentence report ("PSR") determined that he was subject to sentencing as a career offender because he had at least two prior felony convictions for crimes of violence. PSR ¶ 40. With a total career-offender Offense Level of 29 and a Criminal History Category of VI, Petitioner's guideline sentencing range for Counts One, Two, and Four was 151-188 months. *Id*. ¶ 73. Petitioner was subject to a statutory mandatory minimum sentence of five years for Count three. *Id*.

Petitioner was sentenced to the statutory maximum for all counts: Count One

(five years), Count Two (15 years), Count Three (five years), and Count Four (10 years); as well as three years' supervised release.  *See id*.  ¶ 72; Amended Judgment; 18 U.S.C §§ 371, 922(g), 924(c), 2119 (1992).  Petitioner's sentences were concurrent, with the exception of the five-year sentence for using or carrying a firearm for which a consecutive sentence was mandated by statute.  *See id*.; 18 U.S.C § 924(c)(1)(D)(ii).

Petitioner's convictions and sentences were affirmed on direct appeal.  *United States v. Dewese*, 43 F.3d 677 (Table) (11th Cir. Dec. 20, 1994).  Petitioner unsuccessfully pursued relief in the sentencing court under 28 U.S.C. § 2255.  *See United States v. Dewese*, Case No. 93-1004-GCR, dkt. entry 167 (N.D. Fla. June 10, 1998) (denying motion as untimely).  Petitioner also unsuccessfully pursued relief by way of a previous 28 U.S.C § 2241 petition.  *See Dewese v. Warden*, Case No. 5:09-cv-465-10GRJ (M.D. Fla. 12/1/09).

In the instant Petition, Petitioner contends that he is "actually innocent" of career offender status because a prior juvenile violent felony conviction should not have been included as a predicate offense for purposes of determining his sentencing range.  Doc. 1.  Petitioner argues that he may seek relief under § 2241 pursuant to *United States v. Gilbert*, 609 F.3d 1159 (11th Cir. 2010) ("*Gilbert I*").  *Gilbert I* held that a defendant who is "actually innocent" of being a career offender may seek habeas relief under § 2241 by way of the § 2255 savings clause.  The opinion was subsequently vacated, and the Eleventh Circuit recently held in an *en banc* decision that a defendant may *not* seek habeas corpus relief from a sentence by way of the § 2255 savings clause where the sentence imposed does not exceed the statutory maximum.  *Gilbert v. United States*, ___ F.3d ___, 2011 WL 1885674 (11th Cir. 2011) (*"Gilbert II"*).

*Case No: 1:11-cv-137-SPM--GRJ*

At the time the instant petition was filed, Petitioner was incarcerated at FCC Coleman, within the Middle District of Florida, and he is presently incarcerated at Florida State Prison in Raiford, Florida, also within the Middle District.  Thus, Petitioner should have filed the instant petition in the Middle District, as the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

Although the Court could transfer the case to the Middle District, in light of the Eleventh Circuit's recent *en banc* decision in *Gilbert II*, the Court concludes that transfer would be futile.  Petitioner's sentences did not exceed the applicable statutory maximums, and therefore he is not entitled to seek habeas corpus relief on his sentencing claim by way of the § 2255 savings clause.  *Gilbert II*, 2011 WL 1885674 *1.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 12th day of July 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.